UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS HANEY,

       Plaintiff,                               Case No. 1:15-cv-299

v.                                                 HON. GORDON J. QUIST

BAKER COLLEGE and BAKER
COLLEGE OF FLINT,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**[1]

      Plaintiff, Curtis Haney, filed a complaint against Defendants Baker College and Baker College of Flint. Plaintiff alleges that Defendants violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* In particular, Plaintiff alleges that while he was a student, he requested that Defendants accommodate his disability by allowing him to take an incomplete in his courses, and that one of his instructors denied the request. He alleges that as a result of Defendants' failure to grant his request for an incomplete, he lost his college funding.

      Defendants filed a motion pursuant to Rule 12(b)(6), arguing that Plaintiff did not follow their procedures for requesting an accommodation, and that Plaintiff's requested accommodation was not reasonable. In particular, Defendants argue that their policies require students to meet certain criteria to obtain an incomplete, and that Plaintiff did not meet this criteria. Defendants have

---

[1] Defendants initially titled their motion one for summary disposition — the state court name for a motion filed under Michigan Court Rule 2.116. Defendants' motion states that it is made under Rule 12(b)(6), and states the standard under such rule. Defendants' reply brief contains the term "summary judgment" in its title, but again states that the motion is made pursuant to Rule 12(b)(6) and references the standard for dismissal under that rule. Accordingly, the Court will treat the motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

attached to their reply brief a copy of the incomplete grading policy as well as a letter from an administrator at the University of Michigan.

When considering a motion to dismiss a plaintiff's pro se complaint, the court must read the complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). The court should not grant a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). In reviewing a motion to dismiss under Rule 12(b)(6), a court may not consider matters outside the pleadings. *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997).

To state a prima facie case of disability discrimination under the ADA or the Rehabilitation Act, Plaintiff must demonstrate that (1) he is handicapped or disabled; (2) he was "otherwise qualified" to continue in the program; and (3) he was denied the benefits of or dismissed from the program based on his disability. *Dicks v. Thomas More Coll.*, 73 F. App'x 149, 151 (6th Cir. 2003). "A handicapped or disabled person is 'otherwise qualified' to participate in a program if []he can meet its necessary requirements with reasonable accommodation." *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 435 (6th Cir. 1998). Federal law does not require an educational institution make fundamental or substantial modifications for a student, but does require reasonable ones. *Id.* at 436.

Defendants have failed to demonstrate that Plaintiff can prove no set of facts that would entitle him to relief. Defendants initially argued that Plaintiff did not follow their procedures for requesting an accommodation, but seem to acknowledge in their reply brief that Plaintiff did follow such procedures by contacting the Disability Services Coordinator. More importantly, however, such argument necessarily relies on matters outside the pleadings, as it would require the Court to

2

consider the policy itself and decide issues not presented in the complaint. Accordingly, Defendants' argument that Plaintiff failed to request an accommodation fails.

Defendants' argument that Plaintiff did not satisfy the criteria for obtaining an incomplete fares no better. Again, Defendants rely on matters outside the pleadings—namely, the incomplete grading policy. Moreover, Defendants cannot show that Plaintiff's proposed accommodation was unreasonable simply because it constituted a modification of the standard rules. "While a [college] need not be required to make 'fundamental' or 'substantial' modifications to accommodate the handicapped, it may be required to make reasonable ones." *Kaltenberger*, 162 F.3d at 436 (quoting *Alexander v. Choate*, 469 U.S. 287, 300, 105 S. Ct. 712, 720 (1985)). Defendants have not demonstrated that the modification requested by Plaintiff was fundamental or substantial. *See Yount v. Regent Univ., Inc.*, No. CV-08-8011, 2009 WL 995596, at *6-7 (D. Ariz. Apr. 14, 2009) (finding that a university was not entitled to summary judgment because it had not shown that granting the student an incomplete would detract from the quality of instruction). Accordingly, Defendants' argument that Plaintiffs' requested accommodation was not reasonable fails.

Therefore,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss (dkt. #11) is **DENIED**.


Dated: May 15, 2015                             /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE